UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JAN -3 P 2: 11

| | |
|---|---|
| Antonio B. Gaines, | ) C/A No. 2:06-2813-TLW-RSC |
| Petitioner, | ) |
| | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| State of South Carolina, | ) |
| | ) |
| Respondents. | ) |

Petitioner has filed this action pursuant to 28 U.S.C. § 2241. Petitioner is a pre-trial detainee housed at the Greenville County Detention Center (GCDC). He is charged with distribution of heroin, possession with intent to distribute marijuana, and possession with intent to distribute marijuana within a half mile of a school or park. Petitioner alleges he has been held at the GCDC for seventeen months. He maintains he is innocent of all charges and alleges his attorney has failed to assist him. Petitioner claims the police have fabricated a case against him, without evidence, and he alleges he is being held in an attempt to force him to plead guilty to crimes he did not commit. Petitioner also maintains the police illegally searched his home, and "stole [his] money". In addition, the petitioner states he has been denied a preliminary hearing, and has made two unsuccessful motions for a speedy trial. The petitioner also says he unsuccessfully requested an "in camera inspection" of the evidence against him. He claims his bail is excessive. In his prayer for relief he seeks his "immediate release", and an "internal investigation" of the "facts".

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act; and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has

1

been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, <u>Nasim v. Warden, Maryland House of Correction</u>, 516 U.S. 1177 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, this petition is subject to summary dismissal because the petitioner has not exhausted his state remedies. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, (4th Cir. 1990).

Since the petitioner is a pre-trial detainee, his exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *after* he fully exhausts his state remedies. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under § 2241 also. *See, e.g.*, <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 490-491 (1973); and <u>Moore v. De Young</u>, 515 F.2d 437, 442-443 (3rd Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). *Cf.* <u>Hamlin v.</u>

2

2:06-cv-02813-TLW Date Filed 01/03/07 Entry Number 9 Page 3 of 6

Warren, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982).

The Federal Speedy Trial Act, 18 U.S.C. § 3116 *et seq.*, applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State. *See, e.g.*, United States v. Hall, 1994 WESTLAW® 544514 (D.Kan., September 13, 1994); United States v. Hanks, 1994 WESTLAW® 544516 (D.Kan., September 13, 1994); and United States v. James, 861 F. Supp. 151, (D.D.C. 1994).

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948. *See* In Re Oliver, 333 U.S. 257, 273 (1948). Even so, in light of the petitioner's failure to exhaust his state remedies, it is unnecessary for this court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);* Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, *supra*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also*

---

*Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223, (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, (Tex. App. Fort Worth 1990).

3

Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).  In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."  *Cf.* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); and Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985).

If the petitioner is convicted in his pending criminal case, he has the remedy of filing a direct appeal.  If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief.  Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case.  *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy.  Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy.  *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

RECOMMENDATION

Accordingly, it is recommended that the petition in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondent.  *See* Allen v. Perini, 424 F.2d

4

134, 141 (6th Cir.)(federal district courts have duty to screen petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Baker v. Marshall, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. *Cf.* Granberry v. Greer, 481 U.S. 129, 135 & n. 7 (1987); and Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970).

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
Date 1/3/07

**_The petitioner's attention is directed to the important notice on the next page._**

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).