IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Antonio B. Gaines, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No.:2:06-2813-TLW-RSC |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

# ORDER

On October 10, 2006, the petitioner, Antonio B. Gaines, ("petitioner") proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he is in custody in violation of the Constitution of the United States. (Doc. #1)[1]. Petitioner is a pre-trial detainee housed at the Greenville County Detention Center. The case was automatically referred to Magistrate Judge Robert S. Carr pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr, to whom this case had previously been assigned. (Doc. #9). In the Report, Magistrate Judge Carr recommends that "the petition be dismissed *without prejudice* and without issuance and service of process upon the respondent." (Doc. #9). The petitioner filed a motion to preserve evidence within the time period for objections.

---

[1] Petitioner amended the petition for Writ of Habeas Corpus on November 15, 2006. (Doc. #6).

1

(Doc. #10). He did not file objections to the report. Since the petitioner filed a motion within the objections time period, the Court, has reviewed the Report in light of the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #9). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that petitioner's petition be **DISMISSED** *without prejudice* and without issuance and service of process upon the respondent. (Doc. #'s1, 6).[2]

    **IT IS SO ORDERED**.

                                       s/Terry L. Wooten

                                       Terry L. Wooten
                                       United States District Judge

September 21, 2007
Florence, South Carolina

---

[2] This order hereby renders all outstanding motions **MOOT**. (Doc. #10)